FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 25 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEREK B. ADAM,

    Plaintiff,

- against –

THEODORA HUMPHREY, et al.,

    Defendants.

MEMORANDUM
ORDER AND JUDGMENT

09-cv-03605

**JACK B. WEINSTEIN, Senior United States District Judge:**

Plaintiff alleges that defendants violated his rights during his present incarceration. He is presently serving a sentence of fifteen years to life for murder in the second degree. Transcript Aug. 17, 2010, p. 2 ("Tr.").

He seeks "settlement" of his requests. *Id.* p. 3. He is not seeking a writ of habeas corpus. *Id.* He did not wish to be produced in court for the hearing. *Id.* p. 4. As he pointed out at a hearing in this court, plaintiff is seeking:

> MR. ADAM: Principally, I was seeking and am seeking injunctive relief in the form of expungement of allegations that I committed a crime, a federal crime, of stealing a DMV telephone customer service personal identity. That was one of my principal injunctive relief, among others.
>
> And I also ultimately was seeking an unspecified amount of damages that I defer the Court to consider had I gone to trial. And that's the sum and substance of the issue.

1

Also an injunctive relief concerning issues re: court personnel in that I had filed criminal charges that the court personnel neglected to file, according to his or her ministerial duties, under the constitutional amendment of the First Amendment and due process and equal protection of the law. I was seeking injunctive relief regarding that matter . . . .

And also a civil action that I had filed to enjoin the civil court clerk and court personnel to refrain from rejecting cases that I had filed to the court and may even continue to file in this court because, for example, they had denied me a FOIA request unrelated to this action and they had denied me parole and these unrelated proceedings may warrant that I had received in this very same court again. So I am seeking relief extended to those two state court personnel about me filing papers in their court.

THE COURT: So, as I understand it, you want relief from this court to enjoin the state court from taking negative action. Is that it?

MR. ADAM: From taking negative action that obstructed my access to the court and also to take action insofar as filing accusatory instrument that I have due process and equal protection right to file in that court.

*Id.* pp. 5-6.

No appeal was taken after he sought to file papers in the state criminal courts to commence a criminal proceeding against "state court clerk personnel from denial of his relief in the state court." *Id.* pp. 6-8.

Defendants moved for summary judgment. *Id.* 8. At a hearing on this motion the court recommended a settlement which was apparently agreed to.

> But, your Honor also suggested at that conference that we settle the case by expunging the allegations regarding the plaintiff having improperly obtained personal information of DMV caller when he worked at the DMV call center inside the prison, that we expunge that and that would settle the case with no costs or damages or anything else.
> When I left that conference, it was my understanding that plaintiff agreed in principle with that - -
> THE COURT: Well, are you willing to do that?
> MS. HATHAWAY: Your Honor, I have spent substantial amount of time writing this up and how we have to do it within our office and getting approval from superiors in my office from the four different state agencies that have defendants in this case and from the fifteen individual clients. We are amendable to a settlement in principle of expunging the allegations concerning the plaintiff's obtaining personal information from a member of the public.

3

> And, so, I was proceeding on the assumption that would be acceptable, and I obtained approval, drafted a proposed settlement agreement, and sent it to the plaintiff.

*Id.* at 1. 9-10. *See also Id.* at pp. 15-16.

This "settlement" affords plaintiff relief he could not obtain by any proceeding in this court. He has ample procedural and substantive protections under state law to obtain the documents he seeks. *See* article 78, N.Y.C.P.L.R. §§ 7801-06, Proceeding Against Body or Officer (mandamus). There is no basis for a state criminal proceeding to obtain this relief. The New York Freedom of Information Law provides an adequate remedy. N. Y. Public Officers Law §§ 84-90.

There is no evidence to support plaintiff's claim for retaliation. *See* Tr. hearing of August 17, 2010 and file.

The case is dismissed for the reasons stated on the record of the hearing in this court, among which are lack of jurisdiction to grant the relief sought, lack of merit, abuse of process and frivolousness. No costs or disbursements are awarded.

The clerk is directed to mail a copy of this order to the pro se plaintiff and defense counsel.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: August 24, 2010
Brooklyn, New York